UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| Derly Maldonado Sr,<br><br>Plaintiff<br><br>v.<br><br>Phillips & Cohen Associates Ltd and PCA Acquisitions V, LLC d/b/a Portfolio Asset Group & Malcolm S Gerald and Associates Inc.<br><br>Defendant(s) | CIVIL ACTION NO 7:10-cv-394<br>JURY REQUESTED |

## PLAINTIFF'S AMENDED COMPLAINT

Plaintiff, Derly Maldonado Sr ("Plaintiff") brings this action under the Fair Debt Collections Practices Act, 15 USC §1692, *et seq.* ("FDCPA"), as well as under the Texas Debt Collection Act, Texas Finance Code §392.001, et seq. ("TDCPA") and the Texas Deceptive Trade Practices Act, Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), to obtain actual, statutory damages, injunctive relief, exemplary damages and other relief for the Defendants' violations of the FDCPA, the TDCPA and the DTPA.

### A. JURISDICTION & VENUE

1. Jurisdiction of this Court and venue is proper in this county because a substantial part of the acts and transactions occurred here and all of the Defendants transacted business here and the Plaintiff resides here.

1

## B. PARTIES

2. Plaintiff is a citizen of the State of Texas and an individual who resides in Hidalgo County Texas and a "consumer" as defined by 15 USC §1692a(3) and TDCPA §392.001(1).

3. Defendant Phillips & Cohen Associates Ltd, is an entity engaged in the business of collecting consumer debts, a Delaware Limited Liability Corporation doing business throughout Texas with the registered agent for service, CT Corporation Systems, whom may be served with process at 350 N. St Paul St, Dallas TX 75201.

4. Defendant, PCA Acquisitions V, LLC d/b/a Portfolio Asset Group is an entity engaged in the business of collecting consumer debts, a Delaware Limited Liability Corporation doing business throughout Texas with the registered agent for service, CT Corporation Systems, whom may be served with process at 350 N. St Paul St, Dallas TX 75201.

5. Defendant, Malcolm S Gerald & Associates, Inc. is an entity engaged in the business of collecting consumer debts, an Illinois Corporation doing business throughout Texas whom may be served with process through the Texas Secretary of State on their non-resident agent for service, David Stein, 322 S Michigan Ave., Ste 600, Chicago, IL 60604.

6. All Defendants are in the business of the collection of consumer debts. Defendants are "debt collectors" as defined by 15 USC §1692a(6) and

TDCPA §392.001(6). Defendants are also "third party debt collectors" as defined by TDCPA §392.001(7).

### C. FACTUAL ALLEGATIONS

7. Prior to 2008, the Plaintiff had a Radioshack Credit Plan account ending in 2322, used to purchase personal and/or household items, which became delinquent in December 2008. See attached Plaintiff's Exhibit 1.

8. At some point after this last December 2008 invoice, Radioshack Credit Plan sold the Plaintiff's account to Defendant PCA Acquisitions V, LLC d/b/a Portfolio Asset Group.

9. The Defendant PCA Acquisitions V, LLC d/b/a Portfolio Asset Group (hereinafter "PCA") by and through their collection agency, Defendant Phillips and Cohen Ltd (hereinafter "Phillips"), sent the Plaintiff an initial collection letter. See attached initial collection letter, dated February 9, 2010, Exhibit 2. Said initial letter inaccurately identifies this account as "Original Creditor: ZALES", and states that "IT IS NOT IN YOUR BEST INTEREST TO NEGLECT THIS ACCOUNT!"

10. Immediately upon receipt of this correspondence, Plaintiff contacted his legal counsel, the Palmer Law Firm PC (hereinafter "Palmer"), who sent Phillips a letter of notification of representation, dispute and request for verification. See attached correspondence, dated February 19, 2010, Exhibit 3.

11. After that time, numerous communications occurred between the offices of Phillips and Palmer.

3

12. An endeavor was made to resolve this account between Phillips and Palmer and a settlement letter was even sent via facsimile from Phillips to Palmer on this account. See attached settlement offer, dated April 12, 2010, Plaintiff's Exhibit 4.

13. Yet, regardless of all these communications between Phillips and Palmer and Phillips failure to verify said account, Phillips directly sent a collection letters to the Plaintiff and made numerous direct contacts or attempts to contact with the Plaintiff, via telephone, even though they knew he was represented by counsel, he had disputed this account and timely had requested verification which he had never received. See attached collection letter, dated April 15, 2010, Plaintiff's Exhibit 5.

14. On information and belief, Defendant Portfolio and Defendant Phillips, acting in concert, adopted the name "Portfolio Asset Group" for the purpose of obfuscating and obscuring that the purported ownership of this debt sought to be collected by Defendant Phillips and truly on behalf of Defendant Phillips. Defendant Phillips and Portfolio then made it appear as if this debt was owned by some unrelated third party, Defendant Portfolio, when in essence, they are the same and true entity. The principal officers of Defendant Phillips are Adam S Cohen (Secretary), Howard A Enders (President) and Matthew M Phillips (Treasurer). Defendant Portfolio is a limited liability company with its principal place of business located at the Delaware office of Defendant Phillips at 1002

Justison St, Wilmington DE 19801 and has as members/managers, Adam S Cohen, Howard A. Enders and Matthew Phillips.

15. Even after the filing of the Initial Petition in this matter, the Defendant PCA Acquisitions V, LLC d/b/a Portfolio Asset Group placed the Plaintiff's account with another third party debt collector, specifically, Malcolm S Gerald and Associates, Inc., who proceed with intentional acts and/or gross negligence and sent debt collection letters and made debt collection phone calls directly to the Plaintiff, even though at this point the Defendants knew the debt was disputed and that the Plaintiff had requested verification of said debt and most importantly that the Plaintiff was clearly represented by counsel in this matter. See attached initial collection letter from Malcolm, Exhibit 6.

16. Defendant's illegal abusive collection communication as more fully described above was the direct and proximate cause of severe emotional distress on the part of Plaintiff and caused him unnecessary personal strain.

17. Plaintiff has suffered actual damages as a result of this illegal collection communication by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, among other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

18. Likewise, all Defendants made telephone calls to Plaintiff's place of employment, even though they knew that he was unable to accept these

personal calls and fully compromised Plaintiff's employment with his employer.

### D. FIRST CLAIM FOR RELIEF

19. Plaintiff, repeats, realleges and incorporates by reference paragraphs 1-12.

20. The Defendants' violations of the FDCPA include, but are not limited to the following:

    a. Falsely representing that the Plaintiff owed the alleged debt 15 USC §1692c(2)(A); and

    b. Communicating with a consumer they knew to be represented by an attorney 15 USC §1692e; and

    c. Misrepresenting the character and/or legal status of the debt 15 USC §1692e; and

    d. Threatening to take action and taking action that cannot be taken 15 USC §1692e(5); and

    e. False representations or deceptive means to collect or attempt to collect a debt 15 USC §1692e(10); and

    f. Engaging in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt 15 USC §1692d.

    g. Using unfair and unconscionable means to collect or attempt to collect a debt 15 USC §1692f.

21. Under 15 USC §1692k the Defendant' violations of the FDCPA render them jointly and severally liable to the Plaintiff for actual damages, statutory damages, declaratory relief, costs and attorney fees.

## E. SECOND CLAIM FOR RELIEF

22. Plaintiff, repeats, realleges and incorporates by reference paragraphs 1-15.

23. The Defendants' violations of the Texas Finance Code that include, but are not limited to the following:

    a. Violations of §392.301(a)(8), by threatening to take and taking action prohibited by law; and

    b. Violations of §392.304(a)(8) by misrepresenting the character, amount and status of the consumer debt; and

    c. Violations of §392.304(a)(19) by using false representation and deceptive means to collect a debt; and

    d. Violations by Portfolio Asset Group under §372.101 for failing to have a Texas Collection Bond and collecting debts against Texas residents and §372.306 for the negligent retainer of independent debt collector that continuously engages in acts or practices that are prohibited under 392.000 et seq.

24. Under §392.403 the Defendants' violations of the TDCPA render them jointly and severally liable to Plaintiff for actual damages, statutory damages, injunctive relief, declaratory relief, costs and reasonable attorney fees.

## F. THIRD CLAIM FOR RELIEF

25. Plaintiff, repeats, realleges and incorporates by reference paragraphs 1-18.

26. The Defendants' violations of the Texas Finance Code also constitute a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code and is actionable under that subchapter.

27. Under Tex. Bus. & Com. Code §17.50(b)(2) the Defendants' violations of the DTPA render the jointly and severally liable to the Plaintiff for treble damages, injunctive relief and reasonable attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays this Court:

1. Declare the Defendants' actions violate the FDCPA, the Texas Finance Code and the Texas Deceptive Trade Practices Act; and

2. Enjoin the Defendants' actions which violate the Texas Finance Code and Texas Deceptive Trade Practices Act; and

3. Enter judgment for Plaintiff against the Defendants for actual damages, statutory damages, costs, attorney fees as provided by 15 USC §1692k(a) and/or Texas Finance Code §392.403 and treble damages under the Texas Deceptive Trade Practices Act; and

4. Exemplary damages, and

5. Grant such other further relief as is deemed just.

Dated: October 5, 2010

s/Kimberly Soard
Kimberly Soard, State Bar No 00797815
The Law Offices of Kimberly Soard PC
3722 Bristleleaf Dr
Katy, TX 77449
281-647-0899
Facsimile 832-553-3087
Attorney for Plaintiff(s)